Michael B. Bernacchi (SBN 163657)
E-mail: mbernacchi@bwslaw.com
Keiko J. Kojima (SBN 206595)
E-mail: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600 | Fax: 213.236.2700

Attorneys for Defendant
Trustmark Insurance Company (successor in interest
to Continental Insurance Company)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVERIO DeLUCA, DDS, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| v. | **[Diversity of Citizenship -- 28 U.S.C. §§ 1332(a), 1441(a)]** |
| TRUSTMARK INSURANCE COMPANY (CONTINENTAL ASSURANCE); GARY MITCHELL; MITCHELL AND MITCHELL INSURANCE AGENCY, INC. and DOES 1 through 50, Inclusive, | State Action filed: March 29, 2022 |
| Defendants. | |

TO ALL PARITES AND THEIR ATTORNEYS OF RECORD:

Defendant Trustmark Insurance Company (as successor in interest to certain Continental Assurance Company policies) hereby serves notice of its removal of the above-entitled action to the United States District Court, Northern District of California, from the Superior Court of the State of California, County of Marin, and respectfully avers:

**PLEADINGS AND PROCEEDINGS TO DATE**

1.  On or about March 29, 2022, an action was commenced against Trustmark Insurance Company (as successor in interest to certain Continental Assurance Company policies) in the Superior Court of the State of California for the County of Marin entitled *Saverio Deluca, DDS, v. Trustmark Insurance Company (Continental Assurance Company); Gary Mitchell;*

*Mitchell and Mitchell Insurance Agency, Inc. and does 1 through 50, inclusive*, under Case No. 220860 by the filing of a Summons and Complaint. Attached hereto as Exhibit "1" is a true copy of the Summons and Complaint of said state court action served on Trustmark, together the following additional pleadings: Civil Case Cover Sheet and Marin County Superior Court ADR Information Notice. Attached hereto as Exhibit "2" is a true copy of the Answer filed by Defendants Gary Mitchell and Mitchell and Mitchell Insurance Agency served on Trustmark on May 26, 2022. The foregoing constitutes all the process, pleadings, and orders served upon Trustmark to date.

2. On March 9, 2022, Trustmark was served and first received a copy of the Summons and Complaint via mail along with a notice of acknowledgment of receipt. Trustmark signed and returned the notice of acknowledgment of receipt on May 20, 2022 effectuating service of process under California Code of Civil Procedure Section 415.30.

3. As noted above, Trustmark is informed and believes that there has been service of process attempted upon Defendants Gary Mitchell and Mitchell and Mitchell Insurance Agency, Inc., and that they have answered the complaint in state court, the precise date service was obtained is unclear. No consent is needed from these defendants because Trustmark is alleging they are sham defendants against whom the complaint fails to state a cognizable cause of action under the law and thus their presence must be disregarded for the purpose of this removal. *United Computer Sys., Inc. v. AT & T Corp.,* 298 F.3d 756, 762 (9th Cir. 2002). Trustmark is informed and believes that there has been no service of process upon Does 1 through 50.

**DIVERSITY OF CITIZENSHIP JURISDICTION**

4. Trustmark alleges that Plaintiff DeLuca is, and at all times relevant was, a citizen of the State of California, and is informed and believes he is a resident and citizen of Danville, California.

5. Trustmark is, and at all times relevant was, a corporation duly organized and existing under the laws of the state of Illinois with its principal place of business in Lake Forest, Illinois. Trustmark's executive offices are located in Lake Forest, Illinois, and its disability

claims operation is located in Worcester, Massachusetts.  No executive offices of Trustmark are located in California and no senior management decisions of Trustmark are made in California.

6. The Complaint names as additional defendants Does 1 through 50, inclusive.  Said fictitious defendants have not been served with Summons and Complaint in this action, and by reason of the provisions of 28 U.S.C. § 1441(a), said fictitious defendants are to be disregarded for purposes of removal.

7. The Complaint also names as purported defendants the following individuals and/or entities: (1) Mitchell and Mitchell Insurance Agency, Inc., a California Corporation located in Novato, California; and (2) Gary Mitchell, a citizen and resident of California and a principal of Mitchell and Mitchell Insurance Agency, Inc. (collectively the "Insurance Broker Defendants").  However, for the reasons discussed below, their respective citizenships should be disregarded for the purpose of determining diversity.

8. The gravamen for Plaintiff's claim against the Insurance Broker Defendants is that they allegedly negligently procured an individual disability policy from Continental Assurance Company ("CAC") the original issuer of the policy.  Removing Defendant alleges on information and belief that the Insurance Broker Defendants are "sham" defendants that were fraudulently joined by Plaintiff in an effort to defeat the diversity jurisdiction of this Court, and that no cause of action could be maintained by Plaintiff against said defendants for the following reasons:

*(a)* *Test for Establishing Fraudulent Joinder:*  Under Federal law, a defendant may remove a case naming a non-diverse defendant on the basis of diversity jurisdiction, if the resident defendant was fraudulently joined. *Zogbi v. Federated Dep't Store*, 767 F.Supp. 1037, 1041 (C.D. Cal. 1991).  The Ninth Circuit has held that "if a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  The defendant seeking removal is entitled to present facts showing that the joinder is fraudulent. *McCabe*, 811 F.2d at 1339.  In *Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D. Cal. 1979), aff'd 710 F.2d 549, the Court stated: "In other words, a joinder is fraudulent if 'there [is]' no real intention to get a joint judgment and . . . there [is] no colorable

1 ground for so claiming.' . . . The court may 'pierce the pleadings, consider the entire record, and
2 determine the basis of joinder by any means available.'"  83 F.R.D. at 460.

3       (b)    *The Causes of Action Against Insurance Broker Defendants:* Plaintiff's
4 Complaint alleges that the Insurance Broker Defendants represented to him that CAC was the
5 "finest in the marketplace" and that he would be paid monthly benefits should he become totally
6 disabled from his usual occupation of dentistry.  Relying on that promise he purchased an
7 individual disability policy from CAC in 1993 and, after the policy was assumed by Trustmark in
8 1997, sought an increase in coverage under the disability policy in September of 1999 (to $5,500
9 per month) and again in September of 2004 (to $7,500 per month).  Plaintiff alleges that the
10 Insurance Broker Defendants knew or should have known about Trustmark's alleged practice of
11 improperly denying claims and thus never should have to be placed/maintained with
12 CAC/Trustmark. [Complaint, ¶¶32-38]  Removing Defendant denies each and every one of
13 Plaintiff's accusations, however, even if accepted as true, the allegations fail to state a claim
14 against the Insurance Broker Defendants under California law.

15       (c)    *Reasons Why Plaintiff Cannot Make A Viable Claim Against The Insurance*
16 *Broker Defendants:* Plaintiff's claim for negligence against the Insurance Broker Defendants is
17 not cognizable on its face under California law for several reasons.

18     First, the statements attributed to the Insurance Broker Defendants in the
19 complaint are not actionable on their face as it was simple sales talk.  *See Morris v. Princess*
20 *Cruises, Inc.,* (9th Cir. 2001) 236 F.3d 1061, 1067-1068 (Travel Agent's joinder was deemed
21 "fraudulent" for purposes of diversity jurisdiction because, under applicable state law, mere sales
22 talk or "puffing" did not constitute actionable negligent misrepresentation).

23     Second, there is a lack of causation/duty that bars the claim against the Insurance
24 Broker Defendants.  Specifically, Plaintiff concedes that he purchased the policy from CAC in
25 1993, a company completely unrelated to Trustmark.  Trustmark did not require the policy until
26 1997 through an acquisition of certain assets and assumptions of liabilities from CAC. [*See*
27 Declaration of Robert Swan filed concurrently with this removal.]  Accordingly, the
28 representations Plaintiff alleges lead him to purchase the policy and increase coverage were made

about a completely different company. Likewise, the allegations regarding Trustmark's bad faith involved conduct occurred in 2020 and beyond. Yet, the representations that formed the basis of the complaint against the Insurance Broker Defendants (e.g. it was the "finest in the marketplace" and that he "would be paid benefits" should he become totally disabled from his usual occupation) were made decades before. Accordingly, Plaintiff has no evidence that the representations were not true at the time. There is simply no cause of action against a broker or agent for failing to predict future conduct by an insurance company decades into the future or to monitor the company for decades after the coverage was placed. *See e.g. Wilson v. All Service Ins. Corp.*, 91 Cal.App.3d 793 (1979) (Broker owes not duty to ascertain ability of insurance company to pay claims if properly licensed under California law).

9. Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 97 S.Ct. 2434 (1977). This amount includes compensatory (general and special) damages and may include attorney's fees and punitive damages as well. *Bell v. Preferred Life Assurance Soc'y.*, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943) ("where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount."); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995).

10. Plaintiff is seeking a gross disability benefit under the policy of approximately *$7,500 per month.* Plaintiff has alleged that he has been disabled since March of 2020 and that his benefits are payable for life. [Complaint, ¶¶19-20] Accordingly, Plaintiff is potentially seeking in excess of $75,000 in total disability benefits as of the date of filing of the Complaint and will certainly exceed that amount by the time of trial. Moreover, he is also asserting that he will be entitled to future disability benefits. [Complaint, ¶17] Thus, his complaint alleges hundreds of thousands of dollars in contract damages alone.

11. Plaintiff is also seeking attorney's fees in his complaint. [Complaint, Prayer For Relief, ¶7] Under federal law, if attorneys' fees are recoverable by Plaintiff, by statute or contract, the fee claim is included in determining the amount in controversy. *Goldberg v. CPC Int'l*, 678 F.2d 1365 (9th Cir. 1982). Under California law, attorneys' fees are recoverable to the extent they were expended in the pursuit of contract damages, assuming Plaintiff can prove that the insurance company acted in "bad faith." *Brandt v. Superior Court*, 37 Cal.3d 813, 210 Cal.Rptr. 211 (1985). Plaintiff has made that allegation here.

12. Likewise, Plaintiff is also seeking emotional distress damages in his Complaint. [Complaint, ¶28] California law authorizes the recovery of emotional distress damages in an action for breach of the implied covenant of good faith and fair dealing against an insurer. *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 580, 510 P.2d 1032, 108 Cal.Rptr. 480 489 (1973). The amount in controversy may also include bad faith consequential damages if they are recoverable as a matter of state law, and it cannot be said to a legal certainty that Plaintiff would under no circumstances be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

13. Finally, Plaintiff is seeking punitive damages under California law. [Complaint, ¶30] Thus, for all of the foregoing reasons, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs and there is complete diversity between Plaintiff and the non-sham defendant in this action.

## TIMELINESS OF REMOVAL

14. Service was effectuated upon Trustmark on May 20, 2022. This Notice of Removal is filed within thirty (30) days of said date, and within one year of the date of commencement of the Action. This removal is, therefore, timely under 28 U.S.C. § 1446(b).

## VENUE

15. This is a suit of a wholly civil nature brought in a California court. The action is pending in Marin County, California, and, accordingly, under Title 28 United States Code §§ 84(a) and 1441(a), and Title 29 United States Code Section 1132(e)(2), the United States District Court for the Northern District of California is the proper forum for removal.

1  WHEREFORE, Defendant Trustmark Insurance Company prays that the above-referenced

2 action now pending in the Marin County Superior Court, State of California, Civil Division, Case

3 No. 220860, be removed from that court to this United States District Court.

4

5 Dated: June 3, 2022                                    BURKE, WILLIAMS & SORENSEN, LLP
                                                         Michael B. Bernacchi
6                                                        Keiko J. Kojima

7
                                                         By: */s/ Michael B. Bernacchi*
8                                                            Michael B. Bernacchi
                                                             Attorneys for Defendant
9                                                            Trustmark Insurance Company